UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
REGINALD BACCHUS, *pro se*, :
:
                          Plaintiff, :         **MEMORANDUM AND ORDER**
:         12 CV 5104 (DLI)(JMA)
   -against- :
:
UNTIED STATES, DEA, :
:
                         Defendants. :
----------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge:**

On October 9, 2012, plaintiff filed this *pro se* action seeking to lay claim to $1,498,750.00 seized by the Drug Enforcement Agency ("DEA") pursuant to 21 U.S.C. § 881. Plaintiff's request to proceed *in forma pauperis*, filed on November 13, 2012, is granted solely for the purpose of this Order. For the reasons set forth below, the action is dismissed.

**BACKGROUND**

Plaintiff, currently incarcerated at Big Spring Correctional Institution in Big Spring, Texas, brings this action to claim property seized by the DEA on June 11, 2012, namely: "12-DEA-566593, $1,498,750.00 U.S. Currency in Safe Deposit Box #157 & 766, Capital One Bank, Edgewood, NY. Gazy Ali and Dean Brodsky aka Vaden Brosley and Grazi Ali, aka Gazi Nobi Aliwhich was advertised in the Wall Street Journal pursuant to the DEA's civil forfeiture of the property." (Complaint, Attachment, Legal Notice.) Plaintiff alleges that he is an "activist for Human Rights" who will use this money for "a just and proble [sic]" cause. He does not allege that he has any connection to the seized property or the parties from whom the property was seized. Plaintiff provides little information about the property or his connection to it other than the fact he found notice of the property in the Wall Street Journal and files this action to lay

claim to it. The notice, which plaintiff attaches to his complaint, states that the property was seized pursuant to 21 U.S.C. § 881 and outlines the alternative procedures of filing a petition with the DEA or filing a claim with the DEA and to whom the petition, claim or other correspondence must be addressed. Instead of complying with those procedures, plaintiff filed the present action.

## LEGAL STANDARD

In reviewing defendant's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (internal quotations omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F. 3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

## DISCUSSION

### A. Civil Forfeiture Actions

The Comprehensive Drug Abuse Prevention and Control Act of 1970 confers authority on the DEA to effect forfeiture of currency and other property on the ground that it was used or

2

acquired in connection with a drug-related offense. *See* 21 U.S.C. § 881(a)(6). Pursuant to 21 U.S.C. § 881(a)(6), "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance [and] all proceeds traceable to such an exchange" are subject to civil forfeiture. Rules governing civil forfeiture proceedings are set out in the Civil Asset Forfeiture Reform Action ("CAFRA"), 18 U.S.C. § 983, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."), Supp. R. G. Under 18 U.S.C. § 983, where the government executes a seizure pursuant to a civil forfeiture statute such as 21 U.S.C. § 881, it must provide notice to interested parties. 18 U.S.C. § 983(1). Any person claiming an interest in the seized property may file a claim with an appropriate official. 18 U.S.C. § 983(2). Where a claim has been filed, the government must commence a civil action *in rem* by filing a complaint for forfeiture in an appropriate court. 18 U.S.C. § 983(3)(A); Supp. R. G(1), (2). Any person claiming an interest in the property may then contest the forfeiture by filing a claim in the court where the civil action is pending. 18 U.S.C. § 983(4); Supp. R. G(5). However, "[b]efore a claimant can contest a forfeiture, he must demonstrate standing." *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 644 (2d Cir.1989). If a claimant has standing, a court may then proceed to determine whether the government has established a sufficient basis for forfeiture. *Id.*

**B.     Standing**

Plaintiff does not have standing to file a claim to challenge the forfeiture of these funds in this Court. "In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir.1999) (citing *United States v. $515,060.42 in U.S.*

3

*Currency*, 152 F.3d 491, 497 (6th Cir.1998)). In a civil forfeiture case, the claimant contesting the forfeiture bears the burden of demonstrating he or she has standing. *Mercado*, 873 F.2d at 644.

### 1. Statutory Standing

In order to contest civil forfeiture, a claimant must file a claim contesting the administrative forfeiture pursuant to 18 U.S.C. § 881 with the DEA pursuant to § 983(a)(2). Pursuant to § 983(a)(3)(A), the DEA is divested of jurisdiction and the United States Government has ninety days from the date the claim was filed to commence a civil forfeiture action via the filing of a complaint in a judicial forum. If the government files a complaint within the statutory period, the claimant may file a claim asserting an interest in the property in the court where the civil action is pending. 18 U.S.C. § 983(4); Supp. R. G(5). Here, plaintiff did not file a claim with the DEA contesting the administrative forfeiture, so the United States has not initiated an action in which plaintiff possibly could have standing to assert an interest in the funds. Thus, plaintiff does not have statutory standing.

### 2. Article III Standing

Nor does plaintiff have Article III standing to file a claim to challenge the forfeiture of these funds in this Court. In order to establish Article III standing, a party must "allege[ ] such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions[.]" *Baker v. Carr*, 369 U.S. 186, 204 (1962). "'[T]he claimant need not prove the full merits of [his] underlying claim. All that needs to be shown is a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and prudential considerations defining and limiting the role of the court.'" *Torres v. $36,256.80 U.S.*

*Currency*, 25 F. 3d 1154, 1158 (2d Cir. 1994) (quoting *United States v. 116 Emerson St.*, 942 F. 2d 74, 78 (1st Cir. 1991)). It is widely held that a claimant has a facially colorable interest in the proceedings, if he or she can show some ownership or possessory interest in the specific property to be forfeited. *See Mercado*, 873 F.2d at 644. A claimant can prove his or her interest by showing actual possession, dominion, control, title or financial stake in the subject property. *United States v. Contents of Account Numbers 208-06070 and 208-06068-1-2*, 847 F. Supp. 329, 333 (S.D.N.Y. 1994).

> [B]ecause the likelihood of false claims of ownership in civil forfeiture actions—where the government must publish notice of the proceedings—is high, the Second Circuit has held that "a naked claim of possession . . . is not enough" to establish standing. . . . In *Mercado v. United States Customs Services*, $181,590 were found in the luggage of an individual who asserted that he did not know the money had been there, that he did not know whose money it was, and that he did not care what happened to it. That individual subsequently filed a claim, which was supported only by a "conclusory, hearsay, on-information-and-belief statement of [his] lawyer" that the claimant had an unidentified interest in the funds. The Second Circuit held that the attorney's "hearsay and conclusory" assertion of an undefined interest, unsupported by any factual allegations whatsoever, was insufficient to support standing.

*United States v. $421,090.00 in United States Currency*, 2011 WL 3235632, at * 4 (E.D.N.Y. July 27, 2011) (quoting *Mercado*, 873 F.2d at 645).

Here, plaintiff has not articulated a connection to the funds seized by the DEA, other than his desire to use the funds. Plaintiff does not contend that he has a possessory interest in the property, nor does he contend that he took actual possession or asserted any dominion or control over the funds held in a safety deposit box in Edgewood, New York. He merely alleges that he is interested in the funds and learned of the property when the DEA provided notice in the Wall Street Journal. Plaintiff lacks the requisite interest of an owner in the funds to establish standing

to challenge the civil forfeiture of the funds. Thus, he does not have Article III standing to bring this claim.

Since plaintiff has neither statutory nor Article III standing to bring this claim, the action is dismissed.

Even if plaintiff had standing, the Court is without subject matter jurisdiction to hear this claim since plaintiff has not exhausted the required administrative remedies before commencing this action. *Aquasviva v. U.S. Drug Enforcement Admin.*, 2004 WL 1900341, at * 3-4 (S.D.N.Y. Aug. 24, 2004). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Where jurisdiction is lacking "dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F. 2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court need not afford plaintiff the opportunity to amend his complaint because it is clear from the face of the complaint that plaintiff does not have standing to bring this action. *Cruz v. Gomez*, 202 F. 3d 593, 597-98 (2d Cir. 2000). The complaint is hereby dismissed for lack of standing. As plaintiff has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      June 6, 2014

/s/
DORA L. IRIZARRY
United States District Judge